**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

JOHNATHON MICHAEL KING,

      Plaintiff,

vs.

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.,

      Defendant.

Case No.:   3:26CV263

**COMPLAINT
JURY TRIAL DEMANDED**

## INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## PARTIES

2.     Plaintiff Johnathon Michael King ("Plaintiff") is a "consumer" as defined in 15 U.S.C. § 1681a(c) and resides in Hopewell, Virginia.

3.     Defendant First Advantage Background Services Corp. ("Defendant" or "FADV") is a consumer reporting agency and maintains a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, GA 30328. Defendant can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b).

1

## FACTS

### Plaintiff Applies for a Job with Dover Food Retail

6.      On or around November 23, 2025, Plaintiff applied for employment with Dover Food Retail for a Shipping Team Lead position. This was a full-time position that paid $25.50 per hour and required Plaintiff to work 40 hours per week.

7.      Plaintiff was interviewed once telephonically and once in-person for a total of approximately two hours.

8.      Following the interviews, Plaintiff received a conditional offer of employment, subject to satisfactory completion of an employment background check.

### Defendant Published an Inaccurate Background Check Report to Dover Food Retail

9.      Dover Food Retail contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

10.      On November 23, 2025, Dover Food Retail ordered a criminal background check about Plaintiff from Defendant.

11.      On December 3, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff.

12.      On December 4, 2025, Defendant sold the completed report to Dover Food Retail.

13.      Within that consumer report, Defendant published inaccurate information about Plaintiff.

14.      Specifically, Defendant's consumer report about Plaintiff included a grossly inaccurate and highly stigmatizing information, identifying Plaintiff as a "Registered Sex Offender," based on a Georgia Sex Offender Registry record that did not belong to Plaintiff, and which appeared in the consumer report as follows:

| National Sex Offender Registry Search - Department Of Justice Web Site | | Status: Complete |
|---|---|---|
| Date Completed: 29/Nov/2025 | | Score: Decisional |

| Record Source | NATIONAL SEX OFFENDER REGISTRY |
|---|---|
| Search Results | Record Found |
| Search Type | NATIONAL SEX OFFENDER REGISTRY SEARCH-DEPT OF JUSTICE |
| Date of Search | 28/Nov/2025 |
| Search Period | 11/09/2018 |
| Given Name Searched | JOHNATHON MICHAEL KING |
| Developed Name Searched | JOHN KING, JONATHAN M KING, JOHNATHON M KING |
| | |
| Name on File | JOHNATHON MICHAEL KING |
| Address on File | 155 CARONI DR, RINCON |
| DoB on File | XX/XX/XXXX |
| Sentence | SOURCE OF RECORD: GEORGIA SEX OFFENDER REGISTRY. SENTENCE: REGISTERED SEX OFFENDER |

| Source Status History | |
|---|---|
| Status Date | Description |
| 23/Nov/2025 01:42:27 PM | Search in progress. Estimated completion by 11/25/2025 |

| Order Process History | |
|---|---|
| Date | Description |
| 23/Nov/2025 01:42:11 PM | Search In Progress. |
| 23/Nov/2025 01:42:13 PM | Search In Progress. |
| 28/Nov/2025 08:45:38 AM | Search In Progress. |
| 29/Nov/2025 08:11:59 AM | Record Judged. |

15.    The sex offender registry information reported by Defendant about Plaintiff to Dover Food Retail *does not* belong to Plaintiff.

16.    Plaintiff is not and has never been a sex offender.

17.    Plaintiff has never been arrested, charged, or convicted of any crime that would require him to register as a sex offender.

18.    In fact, Plaintiff was stationed in Virginia, climbing to the rank of Master Sergeant as a Parachute Rigger in the operations unit of the United States Army from 2003 through 2024, during which time the reported conviction occurred.

19.    A cursory review of the publicly available Georgia Sex Offender Registry information confirms that the registry entry relied upon by Defendant belongs to an unrelated consumer, "Jonathan Michael King" ("Non-Consumer"). The Registry included identifying information, such as the Non-Consumer's address, offense date, and biographical details.

3

20.     There exist sufficient differences between Plaintiff and Non-Consumer, which should have informed Defendant that the entry attributed to Plaintiff belonged to a different individual, and that Plaintiff had no connection with the reported offense or registration.

21.     Had Defendant actually consulted or obtained the widely available registry profile associated with Non-Consumer before furnishing Plaintiff's consumer report, it would have observed obvious and material discrepancies demonstrating that Plaintiff is *not* the individual listed on the registry, as shown in the table below:

|  | Plaintiff | The Non-Consumer |
|---|---|---|
| **First Name** | Johnathon | Jonathan |
| **Primary Address** | No record of affiliation to 155 Caroni Drive Rincon, Georgia | 155 Caroni Drive Rincon, Georgia. |
| **Driver's License State & Number** | Nevada State No. 0207… | California State CA Y603… |

22.     The registry record reflects an offense date of August 31, 2004, during which time Plaintiff was on active duty in the United States Army, as reflected in Defendant's own employment verification records, demonstrating that Plaintiff could not be the registrant;

23.     Plaintiff does not resemble the Non-Consumer whose image is found on the Georgia Sex Offender Registry website; and

24.     Plaintiff's Social Security number, which was provided to Defendant and is contained on the face of the subject consumer report is entirely different than that of the Georgia Registrant.

25.     The inaccurate criminal records would not have been reported as belonging to Plaintiff had Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

26.     Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal convictions belong to an unrelated individual with a different name than Plaintiff, a different date of birth, a different Social Security Number, and who resides in a different part of the country than Plaintiff.

27.     In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**Dover Food Retail Postpones Plaintiff's Onboarding and Employment Start Date**

28.     Via e-mail dated December 4, 2025, Plaintiff was notified by Dover Food Retail that information contained in the consumer report prepared by Defendant could adversely affect his employment, and that a final employment decision would be made after review of the report.

29.     Shortly thereafter, Plaintiff obtained a copy of the subject consumer report and was shocked and humiliated upon reviewing and realizing that the Non-Consumer's sex offender registry information had been published in his consumer report.

30.     Plaintiff promptly contacted Dover Food Retail and informed them that he had never been required to register as a sex offender, that the registry entry belonged to a different individual, and that the information reported by Defendant was false and did not pertain to him.

31.     In response to Plaintiff's assertion that the record did not belong to him, Dover Food Retail notified Plaintiff that if Plaintiff was unable to get the record corrected within a week, Plaintiff's job offer would be revoked.

32.     This caused Plaintiff immense stress after leaving his previous job to pursue the role with Dover Food Retail. Plaintiff felt financially hopeless and unsure as to where his next paycheck would come from.

5

33.    Plaintiff was forced to rely on and liquidate savings in order to cover necessities while attempting to have the record on his report removed.

34.    Plaintiff was panicked, confused, and deeply concerned about the impact of being falsely associated with sex offender registry information, particularly the impact such stigmatizing information could have on his employment prospects and reputation.

35.    Specifically, Defendant matched Plaintiff to the Non-Consumer, published the Non-Consumer's sex offender registry information onto the consumer report about Plaintiff, and sold that report to Plaintiff's prospective employer.

### Plaintiff Disputed the Misinformation in Defendant's Consumer Report

36.    On December 5, 2025, seeking to protect his employment and correct the false reporting, Plaintiff disputed the inaccurate information directly with Defendant via phone, and submitted a follow-up written dispute via email.

37.    Plaintiff identified himself and provided information to Defendant to support his dispute.

38.    Plaintiff specifically disputed the Defendant's attribution of the Georgia Sex Offender Registry information.

39.    Plaintiff specifically stated that the registry information of the Non-Consumer does not belong to Plaintiff.

40.    Plaintiff requested that Defendant investigate and remove the Non-Consumer's registry information from any consumer report about Plaintiff.

41.    On December 11, 2025, Plaintiff received Defendant's correspondence confirming that it had reinvestigated the dispute and removed the sex offender registry information from the subject consumer report.

42. Defendant's false report materially interfered with Plaintiff's employment, resulting in the suspension of Plaintiff's onboarding and a delay in his employment start date with Dover Food Retail.

43. Plaintiff's start date was delayed from December 8, 2025 to December 29, 2025.

44. In turn, Plaintiff has lost a total of $3,060 in lost wages due to the delay in start date caused by FADV's inaccurate reporting.

45. Defendant's reporting placed Plaintiff's conditional job offer in jeopardy, caused employment instability, and forced Plaintiff to expend time and effort disputing the inaccurate information, communicating with Defendant and his prospective employer, and submitting identifying documentation to correct the error.

46. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

47. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

48. As a direct and proximate result of Defendant's inaccurate consumer report, Plaintiff's employment start date with Dover Food Retail was delayed by approximately three (3)

7

weeks, from December 8, 2025 through December 29, 2025, during which time Plaintiff lost expected wages from a full-time Shipping Team Lead position paying approximately $25.50 per hour, forty (40) hours per week, after having already left his prior employment in reasonable reliance on the conditional offer.

49. During the period of delayed onboarding, Plaintiff experienced the depletion of personal savings to cover ordinary and necessary living expenses as the sole provider for his household, and suffered heightened distress and reputational concern arising from being falsely identified as a registered sex offender, particularly given Plaintiff's approximately twenty-two (22) years of honorable service in the United States Army.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

50. Plaintiff incorporates by reference the preceding paragraphs as if fully stated herein.

51. Defendant is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

52. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

53. The FADV report is a "consumer report" under 15 U.S.C. § 1681a(d).

54. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

55. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep;

8

lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

56.     Defendant willfully, or at least negligently, violated 15 U.S.C. § 1681e(b), rendering it liable for actual or statutory damages, punitive damages and reasonable attorneys' fees and costs in an amount to be determined by the Court under 15 U.S.C. §§ 1681n and/or 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated*:* April 2, 2026


*/s/ Daniel Cohen*
Daniel Cohen, VSB #NY0610
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 770-7901
F: (718) 247-8020
E: dcohen@consumerattorneys.com

*Attorney for Plaintiff*
*Johnathon Michael King*

9